UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

QUADARIUS PORTER,

    Plaintiff,

v.                                                                Case No. 3:22cv5523-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders requiring him to file a motion to proceed *in forma pauperis* or pay the filing fee, the undersigned respectfully recommends this case be dismissed without prejudice for Plaintiff's failure to prosecute or comply with an order of the Court.

On April 25, 2022, the Court ordered Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis* within twenty-one (21) days. ECF Doc. 3. The Court advised Plaintiff that his failure to follow the Court's orders could result in a recommendation that this case be dismissed. The Court also reminded Plaintiff of his obligation to update the Court with any changes in address. ECF Doc. 2, 3. The Court has learned Plaintiff has been released from the Escambia County Jail but has not provided the Court with notice of change of address. Indeed, the order at ECF Doc. 3 was returned undeliverable on May 4, 2022. ECF Doc. 5. According to the Escambia County Jail's website, Plaintiff was released from the Jail on April 22, 2022. That website also shows Plaintiff's "Address Given" as 521 N. James Ave., Panama City, FL 32401.[1]  As a matter of courtesy, the clerk, on May 4, 2022, remailed the April 25 order to the N. James Ave. address, and that mailing was not returned to the Court. Nonetheless, Plaintiff still has not responded in any way since filing the complaint, and certainly has not complied with the Court's orders. Thus, on May 24, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for his failure to prosecute or comply with Court orders. ECF Doc. 6. The time to respond to the Court's show cause order has passed without a response from Plaintiff.

---

[1] *See* https://inmatelookup.myescambia.com/smartwebclient/jail.aspx.  While this is the address provided on the Jail's website, it is not clear whether this is Plaintiff's current address.  That is why it is Plaintiff's responsibility, not the Court's, to update his address.

Case No. 3:22cv5523-LC-HTC

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Likewise, a district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his

mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to comply with Court orders, failure to update his address, and failure to prosecute.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 14th day of June, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv5523-LC-HTC